Taxes; employment tax; failure to pay; responsible person; willfulness in failure to pay. — Plaintiff seeks to recover $262.71 paid in partial satisfaction of a 100% penalty assessed in May 1973 against bim under IRC Sec. 6672, for the third and fourth quarters of 1969. Defendant has counter-claimed for the balance of the assessment in the amount of $12,804.18, plus statutory interest. On July 1, 1969 plaintiff became chairman of the board and chief executive officer of Management Technology, Inc. (MTI). When plaintiff assumed his duties MTI’s first and second quarter employment taxes were delinquent and plaintiff ultimately signed or endorsed checks to the IRS to pay the balance due. The last payment for these quarters was made in December 1969. The record establishes that plaintiff knew, as early as August 1969, that the third and fourth quarter taxes were accruing and would have to be paid. However, no special treatment was made of the withheld employee taxes to ensure payment to the IRS. At the same time, funds available in MTI’s account which would have been more than sufficient to pay the taxes, were used to pay other creditors. On July 28, 1980 Trial Judge Joseph V. Colaianni filed a recommended opinion (reported in full at 80-2 USTC para. 9584 and 46 AFTR 2d 80-5457) holding that plaintiff was a responsible person within the meaning of Sec. 6672 and that he willfully failed to pay over withholding taxes for the third and fourth quarters of 1969. The trial judge rejected plaintiffs argument that the IRS action to single him out for the Sec. 6672 penalty over other corporate officers was unconstitutionally discriminatory. Also rejected was plaintiffs argument that the funds that were used to pay over the prior quarter obligations (when a *603 different management team was in control) could have been used to pay the third and fourth quarter taxes: Also rejected was plaintiffs argument that an alleged assignment of corporate assets to defendant, which would have adequately covered MTI’s tax indebtedness, should prevent the imposition of a Sec. 6672 penalty. On March 20, 1981 the court, by order, adopted the recommended decision as the basis for its judgment in this case and found defendant entitled to recover on its counterclaim, with the extent of recovery to be determined under Rule 131(c)(2).